PER CURIAM HEADING




 NO. 12-03-00244-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




WELDON MCFARLAND AND

ROLLINS CALDWELL,
§
 APPEAL FROM THE 402ND

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


WOOD COUNTY, ET AL.,

APPELLEES
§
 WOOD COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 This appeal is being dismissed because Appellants have failed, after notice, to (1) pay or make
arrangements to pay the trial court clerk's fee for preparing the clerk's record, (2) pay this Court's
filing fee, and (3) file a docketing statement. The judgment was signed on March 27, 2003. 
Appellants filed a motion for new trial and subsequently filed their notice of appeal on May 19, 2003. 
The clerk's record, after an extension of the filing deadline, was due on July 25, 2003. On July 24,
2003, the clerk notified this court by letter that Appellants had failed to either pay or make
arrangements to pay for the preparing of the clerk's record. On July 30, 2003, this court informed
Appellants that, pursuant to rules of appellate procedure 37.3(b) and 42.3(c), the appeal would be
dismissed unless proof of full payment to the clerk was provided on or before August 11, 2003. As
of August 20, 2003, Appellants have not provided the required proof of payment. 

 Furthermore, Appellants' filing fee and docketing statement in this case were due to have been
filed at the time the appeal was perfected, i.e., May 19, 2003. See Tex. R. App. P. 5, 32.1. Appellants'
deadline for payment of the filing fee was extended to August 4, 2003, and on July 25, 2003, this
court requested that Appellants immediately file the docketing statement.

 When Appellants again failed to pay the filing fee and file the docketing statement, on August
8, 2003, this court issued a second notice advising them that the fee and docketing statement were
past due and giving them until August 18, 2003 to comply with Rules 5 and 32.1. The notice further
provided that failure to comply with this second notice would result in the appeal being presented for
dismissal in accordance with Rule 42.3. The deadline established by this second notice has expired,
and Appellants have not responded. Accordingly, this appeal is dismissed. Tex. R. App. P. 37.3(b),
42.3(c). 

Opinion delivered August 20, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




























(PUBLISH)